UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:00CR140(EBB) |
| VS. | : | |
| HYDAR HUSMAN | : | NOVEMBER 24, 2004 |

## MOTION TO VACATE AND CORRECT SENTENCING

The defendant, Hydar Husman, in the above-captioned criminal action respectfully moves pursuant to 28 U.S.C. Section 2255 that the Court, the Hon. Ellen Bree Burns, Senior U.S.D.C. Judge, vacate and correct the sentence which the Court imposed on March 5, 2002, on the ground that the sentence was imposed in violation of the Constitution of the United States. The defendant respectfully represents:

1. That on or about May 7, 2001, the defendant entered a guilty plea to Count Three of the Superseding Indictment, which charged Aiding and Abetting the Importation of 500 Grams or More of Cocaine in violation of 21 U.S.C. Section 952 and 21 U.S.C. Section 960(b)(2)(B)[1] and 18 U.S.C. Section 2.

**ORAL ARGUMENT REQUESTED**

---

[1] Count Three mistakenly referenced the penalties at 21U.S.C. Section 960(b)(1)(B) in error. The correct penalties are referenced at 21U.S.C. Section 960(b)(2)(B).

2.  That on or about June 28, 2001, the U.S. Probation Office disclosed a Presentence Report which determined a Total Offense Level of 33 and Criminal History Category of III, resulting in an imprisonment range of 168 to 210 months under the Federal Sentencing Guidelines.

3.  That the Court, the Hon. Ellen Bree Burns, Senior U.S.D.C. Judge, imposed sentence on March 5, 2002, committing the Defendant to the custody of the Bureau of Prisons for a period of 132 months, a downward departure from said Guidelines imprisonment range due to the Defendant's rehabilitation and his minor children, and placed the Defendant on supervised release for a period of four years.

4.  That said Presentence Report set forth Offense Conduct based upon a review of case agent reports and a case agent affidavit, as well as interviews with the Assistant U.S. Attorney assigned the case, defense counsel and the defendant.

5.  That said Presentence Report utilized a Base Offense Level under USSG Section 2D1.1(c)(4) of 32 for importing 7 kilograms of cocaine into the United States, although Count Three of the Superseding Indictment only charged "…500 grams or more…"

2

of cocaine, such that the Base Offense Level for 500 grams of cocaine is 26 under USSG Section 2D1.1(c)(7), for a least 500 grams but not more than 2 kilograms of cocaine.

6. That said Presentence Report imposed a two level increase to the Base Offense Level under USSG Section 2D1.1(b)(1) for possession of a firearm and a two level increase to the Base Offense Level under USSG Section 3B1.1(c) for adjustment for the role in the offense, finding that the Defendant recruited Confidential Informant-2 and managed the activities of Confidential Informants 1 and 2.

7. That said Presentence Report recommended a two level reduction for acceptance of responsibility for the offense under USSG Section 3E1.1 (a) and an additional one level reduction was recommended under USSG Section 3E1.1(b)(2) because of timely notification of a plea change to the Government.

8. That accordingly, said Presentence Report determined a Total Offense Level of 33, whereas the Total Offense Level should have been 23, based on an Offense Level of 26 for importing at least 500 grams but not more than 2 kilograms of cocaine into the United States, less a three point adjustment for acceptance of responsibility.

3

9.  That based on a Total Offense Level of 23 and Criminal History Category of III, the imprisonment range should have been 57-71 months under the Federal Sentencing Guidelines.

10. That the utilization by said Presentence Report of the Base Offense Level of 32, based on the importation of 7 kilograms of cocaine into the United States, and each of the two level increases to the Base Offense Level for possession of a firearm and for role in the offense were based upon facts neither admitted by the Defendant nor found by a jury, such that the sentence based on the Presentence Report violated Defendant's Fifth Amendment's right to Due Process Clause and Sixth Amendment's right to notice and to trial by jury. Apprendi vs. New Jersey, 530 U.S. 466 (2000). And see Blakely vs. Washington, 542 U.S. _____ (2004).

WHEREFORE, the Defendant, Hydar Husman, respectfully moves that the Court vacate and correct the sentence which the Court imposed on March 5, 2002, based on the proper Guidelines imprisonment range of 57-71 months, with a downward departure due to the Defendant's rehabilitation and his minor children.

                DEFENDANT, HYDAR HUSMAN

By_____
      Brian J. Woolf, Esq.
      THE LAW OFFICES OF BRIAN J. WOOLF, LLC
      50 Founders Plaza
      East Hartford, CT 06108
      Tel. No. (860) 290-8690
      Federal Juris No.: 10227
      His Attorneys

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Motion was sent via U.S. Mail, this 24th day of November, 2004 to:

David A. Ring, Esq.
Assistant U.S. Attorney
450 Main Street
Hartford, CT 06103

With Courtesy Copy to:

Honorable Ellen Bree Burns
Senior United States District Judge
United States District Court
141 Church Street
New Haven, CT 06510

_____
Brian J. Woolf, Esq.