UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED 2004 NOV 29 P 1:16 U.S. DISTRICT COURT NEW HAVEN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:00CR140(EBB) |
| VS. | : | |
| HYDAR HUSMAN | : | NOVEMBER 24, 2004 |

<u>DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO VACATE AND CORRECT SENTENCING</u>

The defendant, Hydar Husman, in the above-captioned criminal action respectfully submits this memorandum of law in support of his Motion to Vacate and Correct Sentencing.

I.  **FACTS**

On or about May 7, 2001, the defendant entered a guilty plea to Count Three of the Superseding Indictment, which charged Aiding and Abetting the Importation of 500 Grams or More of Cocaine in violation of 21 U.S.C. Section 952 and 21 U.S.C. Section 960(b)(2)(B)[1] and 18 U.S.C. Section 2.

On or about June 28, 2001, the U.S. Probation Office disclosed a Presentence Report which determined a Total Offense Level of 33 and Criminal History Category of III, resulting in an imprisonment range of 168 to 210 months under the Federal Sentencing Guidelines.

The Court, the Hon. Ellen Bree Burns, Senior U.S.D.C. Judge, imposed sentence on March 5, 2002, committing the Defendant to the custody of the Bureau of Prisons for a period of 132 months, a downward departure from said Guidelines imprisonment range due to the Defendant's rehabilitation and his minor children, and placed the Defendant on supervised release for a period of four years.

Said Presentence Report set forth Offense Conduct based upon a review of case agent reports and a case agent affidavit, as well as interviews with the Assistant U.S. Attorney assigned the case, defense counsel and the defendant.

Said Presentence Report utilized a Base Offense Level under USSG Section 2D1.1(c)(4) of 32 for importing 7 kilograms of cocaine into the United States, although Count Three of the Superseding Indictment only charged "…500 grams or more…" of cocaine, such that the Base Offense Level for 500 grams of cocaine is 26 under USSG Section 2D1.1(c)(7), for at least 500 grams but less than 2 kilograms of cocaine.

Said Presentence Report imposed a two level increase to the Base Offense Level under USSG Section 2D1.1(b)(1) for possession of a firearm and a two level increase to the Base Offense Level under

---

[1] Count Three mistakenly referenced the penalties at 21 U.S.C. Section 960(b)(1)(B) in error. The correct penalties are referenced at 21 U.S.C. Section 960(b)(2)(B).

2

USSG Section 3B1.1(c) for adjustment for the role in the offense, finding that the Defendant recruited Confidential Informant-2 and managed the activities of Confidential Informants 1 and 2.

Said Presentence Report recommended a two level reduction for acceptance of responsibility for the offense under USSG Section 3E1.1 (a) and an additional one level reduction was recommended under USSG Section 3E1.1(b)(2) because of timely notification of a plea change to the Government.

Accordingly, said Presentence Report determined a Total Offense Level of 33, whereas the Total Offense Level should have been 23, based on an Offense Level of 26 for importing at least 500 grams but not more than 2 kilograms of cocaine into the United States, less a three point adjustment for acceptance of responsibility.

Based on a Total Offense Level of 23 and Criminal History Category of III, the imprisonment range should have been 57-71 months under the Federal Sentencing Guidelines.

The utilization by said Presentence Report of the Base Offense Level of 32, based on the importation of 7 kilograms of cocaine into the United States, and each of the two level increases to the Base Offense Level for possession of a firearm and for role in the offense were based upon facts neither admitted by the Defendant nor found by a jury.

3

II.   LEGAL ARGUMENT

**Question Presented:** Whether the amount of cocaine which the Defendant imported into the United States and whether the Defendant possessed a firearm and his role in the offense are facts which increase the penalty for the crime beyond the prescribed statutory maximum such that they must be submitted to a jury and proved beyond a reasonable doubt?

**Answer:** Under the holdings of Apprendi vs. New Jersey, 530 U.S. 466 (2000) and Blakely vs. Washington, 542 U.S. _____ (2004), the amount of cocaine which the Defendant imported into the United States and whether the Defendant possessed a firearm and his role in the offense are facts which increase the penalty for the crime beyond the prescribed statutory maximum such that they must be submitted to a jury and proved beyond a reasonable doubt.

Apprendi vs. New Jersey, 530 U.S. 466 (2000) was decided by the United States Supreme Court on June 26, 2000, prior to the Defendant's sentencing on March 5, 2002.

Apprendi fired several shots into the house of an African-American family and made a statement, which he later retracted, that he did not want the family in his neighborhood because of their race. He was charged under New Jersey law with, *inter alia*, second-degree possession of a firearm for an unlawful purpose, which

4

carries a prison time of 5 to 10 years. After Apprendi pleaded guilty, the prosecutor filed a motion to enhance the sentence under the State's hate crime statute, which provides for an enhanced sentence if the trial judge finds, by a preponderance of the evidence, that the defendant committed the crimes with the purpose to intimidate a person or group because of, *inter alia*, race. The trail court found by a preponderance of the evidence that the shooting was racially motivated and sentenced Apprendi to a 12 year term on the firearms count. The appeals court upheld the sentence, rejecting Apprendi's claim that the Due Process Clause requires that a bias finding be proved to a jury beyond a reasonable doubt.

The United States Supreme Court reversed the New Jersey Supreme Court, holding that the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt.

The United States Supreme Court cited the holding of James vs. United States, 526 U.S. 227, for the proposition that, with the regard to federal law, the Fifth Amendment's Due Process Clause and the Sixth Amendment's notice and jury trial guarantees requires that any fact other than a prior conviction that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt.

The Fifth and Fourteenth Amendments' right to due process and the Sixth Amendment's right to notice and trial by jury, taken together, entitle a criminal

5

defendant to a jury determination that he is guilty of every element of the crime with which he is charged beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364.

The United States Supreme Court rejected the State's argument that the biased purpose finding is not an "element" of a distinct hate crime offense, but a "sentencing factor" of motive, holding that it does not matter how the required finding is labeled, but whether it exposes the defendant to a greater punishment than that authorized by the jury's verdict, as does the sentencing "enhancement" presented by the New Jersey law. That the State placed the enhancer within the criminal code's sentencing provisions does not mean that it is not an essential element of the offense.

Blakely vs. Washington, 542 U.S. ___ (2004) was decided by the United States Supreme Court on June 24, 2004. Blakely pleaded guilty to kidnapping his estranged wife. The facts admitted in his plea, standing alone, supported a maximum sentence of 53 months, but the trial judge imposed a 90 month sentence after finding that Blakely had acted with deliberate cruelty, a statutorily enumerated ground for departing from the standard range. The Washington Court of Appeals affirmed, rejecting Blakely's argument that the sentencing procedure deprived him of his federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence.

The United States Supreme Court held that because the facts supporting petitioner's exceptional sentence were neither admitted by Blakely nor found by a jury, the sentence violated his Sixth Amendment's right to trial by jury.

The United States Supreme Court applied the rule of <u>Apprendi vs. New Jersey</u>, 530 U.S. 466 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime must be submitted to a jury, and proved beyond a reasonable doubt."

The relevant statutory maximum for <u>Apprendi</u> purposes is the maximum a judge may impose based solely on the facts admitted in the guilty plea, because Washington law requires an exceptional sentence to be based on factors other than those used in computing the standard-range sentence. Regardless of whether the judge's authority to impose the enhanced sentence depends on a judge's findings a specified fact, one of several specified facts, or any aggravating fact, it remains the case that the jury's verdict alone does not authorize the sentence.

The United States Supreme Court stated that this case is not about the constitutionality of determinate sentencing, but only about how it can be implemented in a way that respects the Sixth Amendment.

The United States Court of Appeals for the Second Circuit held on August 12, 2004 in <u>U.S. v. Mincey</u>, No.03-1419, 380 F.3d 102, that the District Courts of this Circuit will continue to fully apply the Federal Sentencing Guidelines pending the decisions by the United States Supreme Court of <u>U.S. v. Booker</u>, No. 04-104, ___ U.S. ___ and <u>U.S. v. Fanfan</u>, No. 04-105, ___ U.S. ___, which raise questions relating to <u>Blakely's</u> possible application to the Federal Sentencing Guidelines. Oral argument in both cases was heard by the United States Supreme Court on October 4, 2004.

III    CONCLUSION

The utilization by the Presentence Report of the Base Offense Level of 32, based on the importation of 7 kilograms of cocaine into the United States, and each of the two level increases to the Base Offense Level for possession of a firearm and for role in the offense were based upon facts neither admitted by the Defendant nor found by a jury, such that the sentence based on the Presentence Report, having an imprisonment range of 168 to 210 months under the Federal Sentencing Guidelines, violated the Defendant's Fifth Admendment's right to Due Process Clause and his Sixth Admendment's rights to notice and trial by jury.

The Defendant, Hydar Husman, respectfully moves that the Court vacate and correct the sentence which the Court imposed on March 5, 2002, based on the proper imprisonment range of 57-71 months under the Federal Sentencing Guidelines, with a downward departure due to the Defendant's rehabilitation and his minor children.

DEFENDANT, HYDAR HUSMAN

By_____
Brian J. Woolf, Esq.
THE LAW OFFICES OF BRIAN J. WOOLF, LLC
50 Founders Plaza
East Hartford, CT 06108
Tel. No. (860) 290-8690
Federal Juris No.: 10227
His Attorneys

8

## CERTIFICATION OF SERVICE

    I hereby certify that a copy of the foregoing Motion was sent via U.S. Mail, this 24th day of November, 2004 to:

    David A. Ring, Esq.
    Assistant U.S. Attorney
    450 Main Street
    Hartford, CT 06103

With Courtesy Copy to:

    Honorable Ellen Bree Burns
    Senior United States District Judge
    United States District Court
    141 Church Street
    New Haven, CT 06510

                                                  Brian J. Woolf, Esq.