```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT



UNITED STATES OF AMERICA :

             v.          :   NO. 3:00CR140(EBB)

HYDAR HUSMAN             :
```

RULING ON MOTION TO VACATE AND CORRECT SENTENCE

Defendant has moved under 28 U.S.C. Section 2255 to vacate and correct the sentence imposed by this court on March 5, 2002, on the ground that sentence was imposed in violation of the Constitution of the United States, citing Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, ___ U.S. ___, 124 S. Ct. 2531 (2004). This court deferred ruling on the motion pending the Supreme Court's decision in United States v. Booker, ___ U.S. , 125 S. Ct. 738 (2005).

In Apprendi, the Supreme Court reiterated the rationale of Jones v. United States, 526 U.S. 227 (1999), that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." Id., at 243, n. 6.

Defendant pled guilty to a violation of 21 U.S.C. § 952, 21 U.S.C. § 960b(2)(B) and 18 U.S.C. § 2. The maximum sentence defendant could have received was 40 years. Defendant received a sentence of 132 months, after the court departed downward from his guideline range of 168 to 210 months, a sentence well below

the applicable maximum. Accordingly, Apprendi and Jones are inapplicable.

Booker held that the Sentencing Guidelines violated the Sixth Amendment, that they were advisory rather than mandatory and that the holding was applicable to all cases pending on direct review but made no reference to its applicability to collateral attacks on sentences. That question was answered by the Second Circuit Court of Appeals in Miguel Guzman v. United States of America, Doc. No. 3-2446-pr (Apr. 8, 2005), which held that Booker does not apply retroactively to cases on collateral review.

The motion [Doc. No. 43] is denied (1) because it is a second or successive motion for which defendant had not obtained certification from the Court of Appeals as required by 28 U.S.C. § 2255 and (2) on the merits pursuant to Guzman, supra.

SO ORDERED.

_____
ELLEN BREE BURNS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

Dated at New Haven, CT, this ___ day of April, 2005.